**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOHNNY JENKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.     ) | No. 08 C 1111 |
| ) | |
| OFFICER ROBERT WILSON, SERGEANT ) | |
| ROBERT DEBELKIS, OFFICER RAYMOND ) | Judge Aspen |
| MURRAY, OFFICER #228, OFFICER #104, ) | Magistrate Judge Mason |
| UNKNOWN OFFICERS, and the VILLAGE OF ) | |
| MATTESON, ) | |
| ) | |
| Defendants. ) | |

**ANSWER TO COMPLAINT**

NOW COME the Defendants, by and through their attorney Louis F. Cainkar, Ltd., and in answer to the Plaintiff's Complaint, states as follows:

**JURISDICTION**

1.      The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

**ANSWER**:    Defendants admit the allegations in Paragraph 1.

**PARTIES**

2.      PLAINTIFF is a resident of the State of Illinois and of the United States.

**ANSWER**:    Defendants admit the allegations in Paragraph 2.

3. The DEFENDANT OFFICERS were at all times relevant hereto employed by and acting on behalf of the VILLAGE OF MATTESON.

**ANSWER**: Defendants admit the allegations in Paragraph 3.

4. The VILLAGE OF MATTESON is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint (as indicated in the *Monnell* claim alleged herein). At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the VILLAGE OF MATTESON.

**ANSWER**: Defendants admit that the Village of Matteson is a municipal corporation, is the employer of the individual Defendants and that the Defendant officers were acting under color of state law. Defendants deny the remaining allegations in Paragraph 4.

## FACTS

5. On or about March 12, 2006, some or all of the DEFENDANT OFFICERS were engaged in an unreasonable seizure of the PLAINTIFF. This conduct violated the Fourth Amendment to the United States Constitution.

**ANSWER**: Defendants admit that the Plaintiff was arrested on March 12, 2006, but deny the remaining allegations in Paragraph 5.

6. On or about March 12, 2006, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

**ANSWER**: Defendants deny the allegations in Paragraph 6.

7.      The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFF.

**ANSWER**:    Defendants deny the allegations in Paragraph 7.

8.      The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that PLAINTIFF had committed criminal activity of any sort.  The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

**ANSWER**:    Defendants deny the allegations in Paragraph 8.

9.      On March 12, 2006, PLAINTIFF had not committed an act contrary to the laws of the state of ILLINOIS.

**ANSWER**:    Defendants deny the allegations in Paragraph 9.

10.     As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

**ANSWER**:    Defendants deny the allegations in Paragraph 10.

11.     On or about March 12, 2006, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officers for the VILLAGE OF MATTESON.  The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty.  This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

**ANSWER**:   Defendants admit that the Defendant Officers were employees of the Village of Matteson and acted within the scope of their employment at all relevant times alleged in the complaint.  Defendants deny the remaining allegations in Paragraph 11.

12. Upon information and belief, OFFICER ROBERT WILSON, on March 12, 2006, came into physical contact with PLAINTIFF.

**ANSWER**:   Defendants admit the allegations in Paragraph 12.

13. Upon information and belief, SERGEANT ROBERT DEBELKIS, on March 12, 2006, came into physical contact with PLAINTIFF.

**ANSWER**:   Defendants admit the allegations in Paragraph 13.

14. Upon information and belief, OFFICER RAYMOND MURRAY, on March 12, 2006, came into physical contact with PLAINTIFF.

**ANSWER**:   Defendants admit the allegations in Paragraph 14.

15. Upon information and belief, OFFICER #228, on March 12, 2006, came into physical contact with PLAINTIFF.

**ANSWER**:   Defendants lack specific knowledge to either admit or deny the allegations in Paragraph 15.

16. Upon information and belief, OFFICER #104, on March 12, 2006, came into physical contact with PLAINTIFF.

**ANSWER**:   Defendants lack specific knowledge to either admit or deny the allegations in Paragraph 16.

17. Upon information and belief, UNKNOWN OFFICERS on March 12, 2006, came into physical contact with PLAINTIFF.

**ANSWER**: Defendants lack specific knowledge to either admit or deny the allegations in Paragraph 17.

## CONSPIRACY

18. Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

    a. agreeing to falsely arrest and/or falsely institute criminal charges/proceedings against the PLAINTIFF;

    b. using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFF;

    c. agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFF;

    d. agreeing not to report each other after falsely arresting and/or charging PLAINTIFF;

    e. generating false documentation to cover-up for their own and each other's misconduct.

**ANSWER**: Defendants deny the allegations in Paragraph 18.

19. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about March 12, 2006, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFF to, *inter alia*, suffer injury, be charged with criminal allegations, incur financial loss, including attorney's fees, and suffer emotionally.

**ANSWER**:    Defendants deny the allegations in Paragraph 19.

## EQUAL PROTECTION

20.    The actions of the DEFENDANT OFFICERS, in engaging in the above referenced cover-up, which led to the generation of false documentation and criminal charges to be lodged against PLAINTIFF, demonstrate that the DEFENDANT OFFICERS failed in their duty to enforce the laws equally and fairly towards the PLAINTIFF, therefore violating the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

**ANSWER**:    Defendants deny the allegations in Paragraph 20.

21.    In connection with the Equal Protection Claim, PLAINTIFF is a member of a protected class (African American) and PLAINTIFF was treated differently by the DEFENDANT OFFICERS as a result.  The DEFENDANT OFFICERS acted with discriminatory intent by treating PLAINTIFF differently, trying to cause further injury to PLAINTIFF by illegally generating false evidence against and criminally charging PLAINTIFF, specifically due to the status of PLAINTIFF as an African American.

**ANSWER**:    Defendants admit that the Plaintiff is African-American, but deny the remaining allegations in Paragraph 21.

22.    In the alternative, with regard to an Equal Protection Claim, PLAINTIFF was a "Class of One."  In that regard, PLAINTIFF was treated with ill will and/or discriminated against with no rational basis.  PLAINTIFF was intentionally treated differently as a result of having a potential claim and witnessing police misconduct attributable to the DEFENDANT OFFICERS.  The DEFENDANT OFFICERS acted with discriminatory intent by treating PLAINTIFF differently and trying to cause further injury to PLAINTIFF by generating false evidence against PLAINTIFF.  Further, PLAINTIFF was similarly situated to other individuals involved in incidents with police officers that were not the victims of police misconduct and/or

potential claimants against Matteson Police Officers.

**ANSWER**:   Defendants deny the allegations in Paragraph 22.

### *MONELL* ALLEGATIONS

23.   It is the custom, practice and/or policy of police officers and/or their supervisors/agents and/or other employees of the VILLAGE OF MATTESON to perform the following acts and/or omissions:

    a.    generate false documentation to cover-up for the misconduct of fellow police officers;

    b.    engage in acts of false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

    c.    fail to properly discipline officers from said police department who have committed act(s) of false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

    d.    fail to properly investigate a complaint of false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence perpetrated by a VILLAGE OF MATTESON police officer upon another;

    e.    fail to take proper remedial action against a VILLAGE OF MATTESON police officer once it is determined that an act of false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence has been committed by said officer upon another;

    f.    allow misconduct to occur in various types and severity such that police officers believe that they can engage in false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence without repercussions and/or significant repercussions;

    g.    fail to provide adequate sanctions/discipline to officers who commit false

        arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in such behavior;

h.      fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, mal pros significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

i.      fail to provide adequate sanctions/discipline to officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the VILLAGE OF MATTESON police department;

j.      fail to properly investigate officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the VILLAGE OF MATTESON police department;

k.      fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in illegal behavior, *inter alia* false arrest, mal pros significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence;

l.      fail to take proper remedial measures to prevent and/or correct officers who falsify police reports, investigations and/or internal investigations, causing said officers to believe that they can manufacture evidence which will cause them to not be disciplined or significantly disciplined for engaging in behavior which violates the rules, policies and/or procedures of the VILLAGE OF MATTESON police department;

m.     fail to properly investigate officers who commit acts of false arrest, mal pros significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere

       exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

   n.   fail to take proper remedial action with officers who commit acts of false arrest, mal pros significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, such that a permissive atmosphere exists among officers wherein they believe that they will not be disciplined (or significantly disciplined) for engaging in misconduct with citizens;

   o.   fail to provide proper training to prevent officers from falsifying police reports, falsely charging innocent citizens, committing acts of false arrest, malicious prosecution, significant intrusions to the body of innocent citizens, excessive force, and/or serious acts of violence, and violating the rules, policies and procedures of the VILLAGE OF MATTESON police department.

**ANSWER**:   Defendants deny the allegations in Paragraph 23.

24.   This practice and/or custom, as alleged above, has gone unchecked and been allowed to exist in the VILLAGE OF MATTESON for a significant period of time, so much so, that police officers for the VILLAGE OF MATTESON recognize that they will not be punished for committing said acts and that, in fact, said acts are either permitted or quietly consented to by superior officers of the VILLAGE OF MATTESON police department in order to permit said conduct to re-occur.

**ANSWER**:   Defendants deny the allegations in Paragraph 24.

25.   A code of silence exists between officers of the Defendant Municipality. This code of silence obstructs the legal process (preventing the free flow of honest information with regard to acts of misconduct). This code of silence contributes to the generation of secrets, in the department, regarding police officer misconduct.

**ANSWER**:   Defendants deny the allegations in Paragraph 25.

## COUNT I
### §1983 Excessive Force

26.     PLAINTIFF re-alleges paragraphs 1-25 as though fully set forth herein.

**ANSWER**:    Defendants reallege their answers to Paragraphs 1 through 25.

27.     The actions, and/or the failure to intervene in the actions, of the DEFENDANT OFFICERS amounted to an excessive use of force onto PLAINTIFF. This conduct violates the Fourth Amendment of the United States Constitution.

**ANSWER**:    Defendants deny the allegations in Paragraph 27.

28.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER**:    Defendants deny the allegations in Paragraph 28.

## COUNT II
### §1983 False Arrest

29.     PLAINTIFF re-alleges paragraphs 1-25 as though fully set forth herein.

**ANSWER**:    Defendants reallege their answers to Paragraph 1 through 25.

30.     The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

**ANSWER**:    Defendants deny the allegations in Paragraph 30.

31. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

**ANSWER**:   Defendants deny the allegations in Paragraph 31.

### COUNT III
### §1983 Deliberate Indifference to Medical Needs

32. PLAINTIFF re-alleges paragraphs 1-25 as though fully set forth herein.

**ANSWER**:   Defendants reallege their answers to Paragraphs 1 through 25.

33. The actions of the DEFENDANT OFFICERS were deliberately indifferent to the medical needs to the PLAINTIFF in that said OFFICERS failed to provide PLAINTIFF with immediate medical attention after causing injury to PLAINTIFF.

**ANSWER**:   Defendants deny the allegations in Paragraph 33.

34. Said DEFENDANT OFFICERS, instead of transporting PLAINTIFF for immediate medical treatment, collectively and/or individually, sought to cover-up the misconduct by processing PLAINTIFF as a criminal, instead of providing immediate medical treatment.

**ANSWER**:   Defendants deny the allegations in Paragraph 34.

35. This conduct violated the Fourteenth Amendment to the United States Constitution.

**ANSWER**:   Defendants deny the allegations in Paragraph 35.

36.     The aforementioned actions of said DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER**:     Defendants deny the allegations in Paragraph 36.

### COUNT IV
### §1983 Conspiracy Claim

37.     PLAINTIFF re-alleges paragraphs 1-25 as though fully set forth herein.

**ANSWER**:     Defendants reallege their answers to Paragraphs 1 through 25.

38.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment and Fourteenth Amendment.

**ANSWER**:     Defendants deny the allegations in Paragraph 38.

### COUNT V
### §1983 Unlawful Seizure of Property

39.     PLAINTIFF re-alleges paragraphs 1-25 as though fully set forth herein.

**ANSWER**:     Defendants reallege their answers to Paragraphs 1 through 25.

40.     The DEFENDANT OFFICERS seized and/or destroyed the property of the PLAINTIFF property without legal justification.

**ANSWER**:     Defendants deny the allegations in Paragraph 40.

41. The DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment.

**ANSWER**:   Defendants deny the allegations in Paragraph 41.

## COUNT VI
### §1983 Equal Protection – Member of a Protected Class

42. PLAINTIFF re-alleges paragraphs 1-25 as though fully set forth herein.

**ANSWER**:   Defendants reallege their answer to Paragraphs 1 through 25.

43. The actions of the DEFENDANT OFFICERS violated the Equal Protection clause to the United States Constitution.

**ANSWER**:   Defendants deny the allegations in Paragraph 43.

44. The aforementioned actions of said DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER**:   Defendants deny the allegations in Paragraph 44.

## COUNT VII
### §1983 Equal Protection – Class of One

45. PLAINTIFF re-alleges paragraphs 1-25 as though fully set forth herein.

**ANSWER**:   Defendants reallege their answers to Paragraphs 1 through 25.

46. The actions of DEFENDANT OFFICERS violated the Equal Protection clause to the United States Constitution.

**ANSWER**:   Defendants deny the allegations in Paragraph 46.

47.   The aforementioned actions of said DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER**:   Defendants deny the allegations in Paragraph 47.

### COUNT VIII – *Monell*

48.   PLAINTIFF re-alleges paragraphs 1-25 as though fully set forth herein.

**ANSWER**:   Defendants reallege their answers to Paragraphs 1 through 25.

49.   As a direct and proximate result of the aforementioned acts and omissions by Defendant VILLAGE OF MATTESON there existed a custom, practice, and/or pattern, either implicit or explicit, of the VILLAGE OF MATTESON in which officers were not held accountable for their wrongful and/or illegal acts.

**ANSWER**:   Defendants deny the allegations in Paragraph 49.

50.   Said custom, practice, policy, and/or pattern of the VILLAGE OF MATTESON encouraged, endorsed, created willful ignorance of, or otherwise promoted said wrongful acts of the DEFENDANT OFFICERS.

**ANSWER**:   Defendants deny the allegations in Paragraph 50.

51.   As a direct and proximate result of said custom, practice, policy, and/or pattern, either implicit or explicit, of the VILLAGE OF MATTESON, PLAINTIFF was injured in a personal and pecuniary manner.

**ANSWER**:   Defendants deny the allegations in Paragraph 51.

## COUNT IX
### 745 ILCS 10/9-102 Claim Against the VILLAGE OF MATTESON

52.   PLAINTIFF re-alleges paragraphs 1-25 as though fully set forth herein.

**ANSWER**:   Defendants reallege their answers to Paragraphs 1 through 25.

53.   Defendant VILLAGE OF MATTESON is the employer of the DEFENDANT OFFICERS alleged above.

**ANSWER**:   Defendants admit the allegations in Paragraph 53.

54.   The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the VILLAGE OF MATTESON.

**ANSWER**:   Defendants deny engaging in any wrongful conduct as alleged in the complaint, but admit the remaining allegations in Paragraph 54.

## COUNT X
### Supplementary Claim for *Respondeat Superior*

55.   PLAINTIFF re-alleges paragraphs 1-25 as though fully set forth herein.

**ANSWER**:   Defendants reallege their answers to Paragraphs 1 through 25.

56.   The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant VILLAGE OF MATTESON, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

**ANSWER**:   Defendants deny engaging in any wrongful conduct as alleged in the complaint, but admit the remaining allegations in Paragraph 56.

### AFFIRMATIVE DEFENSES

1.   As their affirmative defense to Counts I through VIII, the individual Defendants assert qualified immunity because their actions were taken in good faith and did not violate existing law.

2.   As its affirmative defense to Counts I through VIII, the Village of Matteson may not be liable for punitive damages under the provisions of 42 U.S.C. §1983.

3.   As their affirmative defenses to Counts IX and X, the Defendants are immune from an award of punitive damages pursuant to the provisions of 745 ILCS 10/2-102 and 745 ILCS 10/2-213.

4.   As their affirmative defenses to Counts IX and X, the Defendants are immune from liability for acts of negligence pursuant to the provisions of 745 ILCS 10/2-202.

Defendants demand trial by jury.

          Respectfully submitted,


          S/     Michael G. Cainkar
             One of Their Attorneys


MICHAEL G. CAINKAR – 06182679
JOSEPH CAINKAR - 06281109
LOUIS F. CAINKAR, LTD.
Attorneys for Defendants
30 North LaSalle Street - #3922
Chicago, Illinois 60602-3333
(312) 236-3985


## CERTIFICATE OF SERVICE

    I, the undersigned, an attorney, on oath state:  I served a copy of this Answer to Complaint by e-mailing a copy to the CMT System for the Northern District of Illinois on March 31, 2008.


          S/     Michael G. Cainkar